GREENBERG TRAURIG, LLP
Nina D. Boyajian (SBN 246415)
BoyajianN@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700
Fax: 310-586-7800

Attorneys for Defendants
KANYE OMARI WEST and YEEZY APPAREL LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MYCHANNEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>KANYE OMARI WEST, Individually, and YEEZY APPAREL LLC, a California limited liability company,<br><br>                    Defendants. | Case No.: 2:20-cv-07732-JFW-JC<br><br>**DEFENDANTS KAYNE OMARI WEST AND YEEZY APPAREL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br><br>Judge:          Hon. John F. Walter<br>Action Filed:  August 25, 2020 |

ACTIVE54439477

## ANSWER

Defendants Kanye Omari West ("Mr. West") and Yeezy Apparel LLC ("Yeezy") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer and set forth their affirmative defenses to Plaintiff MyChannel Inc.'s ("Plaintiff" or "MYC") Complaint, according to its numbered paragraphs as follows:

## INTRODUCTION

Defendants deny that they engaged in any of the wrongful conduct set forth in the introductory paragraphs of the Complaint, including, but not limited to, that a partnership was formed or that they misappropriated any property from MYC.

## PARTIES

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis deny the allegations.

2.      Defendants admit that Mr. West is an individual and a citizen of the state of California. Defendants further admit that Mr. West is Yeezy's principal owner.

3.      Defendants admit that Yeezy is a California limited liability company with its principal place of business located in La Palma, California. Defendants otherwise deny the allegations and characterizations of Paragraph 3.

## JURISDICTION, VENUE, AND LAW

4.      The allegations of Paragraph 4 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants admit that the Court has subject-matter jurisdiction over this case and deny any remaining factual allegations in Paragraph 4.

5.      The allegations of Paragraph 5 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants do not dispute that the Court has personal jurisdiction for purposes of this case.

6.      The allegations of Paragraph 6 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants do not dispute that venue is proper in this Court for purposes of this case.

1

7.     The allegations of Paragraph 7 state legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations and characterizations of Paragraph 7.

## **FACTUAL ALLEGATIONS**

8.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis deny the allegations.

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis deny the allegations.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis deny the allegations.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny the allegations.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis deny the allegations.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis deny the allegations.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis deny the allegations.

15.     Defendants admit that the parties had various interactions and negotiations over a potential transaction, but otherwise deny the allegations and characterizations of Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis deny the allegations.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny the allegations.

18.     Defendants admit that the parties had various interactions and negotiations over a potential transaction, but otherwise deny the allegations and characterizations of Paragraph 18.

ACTIVE54439477

19.     Defendants admit that the parties had various interactions and negotiations over a potential transaction, but otherwise deny the allegations and characterizations of Paragraph 19.

20.     As to the second sentence, Defendants deny the allegations and characterizations of Paragraph 20 as to Mr. West, which all assume the existence of a "partnership." As to the remainder of Paragraph 20, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations.

21.      The allegations of Paragraph 21 state legal conclusions and argument to which no answer is required. To the extent an answer is required, as to the first sentence, Defendants deny the allegations and characterizations of Paragraph 21, which all assume the existence of a "partnership."

22.     Defendants admit that Mr. West resided in Chicago, Illinois for some portion of 2018, but otherwise deny the allegations and characterizations of Paragraph 22, which all assume the existence of a "partnership."

23.      Defendants admit that Plaintiff had Yeezy sign the Non-Disclosure Agreement ("NDA") attached to the Complaint as Exhibit A, with an effective date of May 2, 2018, but deny that a partnership has ever existed between the parties. As to the remainder of Paragraph 23, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations.

24.     Defendants admit that the parties had various interactions and negotiations over a potential transaction, but otherwise deny the allegations and characterizations of Paragraph 24 as to Mr. West. As to the remainder of Paragraph 24, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis deny the allegations.

25.     Defendants admit that the parties had various interactions and negotiations over a potential transaction, but otherwise deny the allegations and characterizations of Paragraph 25.

3

26.     Defendants deny the allegations and characterizations of Paragraph 26, which all assume the existence of a "partnership."

27.     Defendants deny the allegations and characterizations of Paragraph 27, which all assume the existence of a "partnership."

28.     Defendants deny that a partnership has ever existed between the parties, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny the allegations.

29.     Defendants deny the allegations and characterizations of Paragraph 29, which all assume the existence of a "partnership."

30.     Defendants admit that the parties had various interactions and negotiations over a potential transaction and that they provided Plaintiff with the Term Sheet attached to the Complaint as Exhibit B, dated June 2018, but otherwise deny the allegations and characterizations of Paragraph 30.

31.     Defendants deny that a partnership has ever existed between the parties, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis deny the allegations.

32.     Defendants deny the allegations and characterizations of Paragraph 32, which all assume the existence of a "partnership."

33.     Defendants deny the allegations and characterizations of Paragraph 33, which all assume the existence of a "partnership."

34.     Defendants deny the allegations and characterizations of Paragraph 34, which all assume the existence of a "partnership."

35.     Defendants deny the allegations and characterizations of Paragraph 35, which all assume the existence of a "partnership."

36.     The allegations of Paragraph 36 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     Defendants deny the allegations and characterizations of Paragraph 37,

4

which all assume the existence of a "partnership."

38.     Defendants admit that the parties had various interactions and negotiations over a potential transaction, but otherwise deny the allegations and characterizations of Paragraph 38.

39.     Defendants admit that the parties had various interactions and negotiations over a potential transaction, but otherwise deny the allegations and characterizations of Paragraph 39.

40.     Defendants admit that the parties had various interactions and negotiations over a potential transaction, but otherwise deny the allegations and characterizations of Paragraph 40.

41.     Defendants deny the allegations and characterizations of Paragraph 41.

42.     Defendants admit that Mr. West traveled to Africa in October 2018 to, among other things, work on an album, and that the parties had various interactions and negotiations over a potential transaction, but otherwise deny the allegations and characterizations of Paragraph 42.

43.      The allegations of Paragraph 43 state legal conclusions and argument to which no answer is required. To the extent an answer is required, as to the first sentence, Defendants deny the allegations and characterizations. As to the remainder of Paragraph 43, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and on that basis deny the allegations.

45.     Defendants deny the allegations of Paragraph 45, which all assume that Yeezy was MYC's "partner."

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and on that basis deny the allegations.

47.     Defendants deny the allegations and characterizations of Paragraph 47, which all assume the existence of a "partnership."

5

ACTIVE54439477

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and on that basis deny the allegations.

49.     Defendants deny the allegations and characterizations of Paragraph 49, which all assume the existence of a "partnership."

50.     Defendants admit that the parties never entered into a partnership agreement or any other joint business transaction, but otherwise deny the allegations and characterizations of Paragraph 50.

51.     Defendants admit that Mr. West launched Sunday Service in early 2019, which featured musical performance from his gospel group, but otherwise deny the allegations and characterizations of Paragraph 51.

52.     The allegations of Paragraph 52 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants deny the allegations and characterizations of Paragraph 52.

53.     The allegations of Paragraph 53 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants deny the allegations and characterizations of Paragraph 53.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis deny the allegations.

55.     The allegations of Paragraph 55 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants deny the allegations and characterizations of Paragraph 55.

56.     The allegations of Paragraph 56 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants admit that the Instagram page referenced in Paragraph 56 exists as of the date of this Answer. Defendants deny the characterization of the contents found at that Instagram page, which speak for themselves. Defendants deny the remaining allegations and characterizations of Paragraph 56.

57.     The allegations of Paragraph 57 state legal conclusions and argument to

ACTIVE54439477

which no answer is required. To the extent an answer is required, Defendants deny the allegations and characterizations of Paragraph 57, which all assume the existence of a "partnership."

## FIRST CLAIM FOR RELIEF

### Breach of Mutual Non-Disclosure Agreement

### (*Against Defendant Yeezy*)

58.     Defendants incorporate by reference Paragraphs 1 through 57 as though fully repeated herein.

59.     Defendants admit that Plaintiff and Yeezy entered into the NDA.

60.     Defendants admit that the quoted language in Paragraph 60 is accurately quoted from the referenced NDA.

61.     Defendants admit that the referenced NDA is a document that speaks for itself, but otherwise deny the characterizations of the NDA in Paragraph 61.

62.     Defendants admit that the quoted language in Paragraph 62 is accurately quoted from the referenced NDA.

63.     Defendants admit that the quoted language in Paragraph 63 is accurately quoted from the referenced NDA.

64.     The allegations of Paragraph 64 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants admit that the referenced NDA is a document that speaks for itself.

65.     The allegations of Paragraph 65 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants admit that the referenced NDA is a document that speaks for itself.

66.     Defendants deny the allegations and characterizations of Paragraph 66.

67.     Defendants deny that Plaintiff has suffered any damages or is entitled to any relief, and deny all remaining allegations and characterizations of Paragraph 67.

ACTIVE54439477

## SECOND CLAIM FOR RELIEF

### Promissory Estoppel

### (*Against All Defendants*)

68.     Defendants incorporate by reference Paragraphs 1 through 67 as though fully repeated herein.

69.     Defendants deny the allegations and characterizations of Paragraph 69.

70.     Defendants deny the allegations and characterizations of Paragraph 70.

71.     Defendants deny the allegations and characterizations of Paragraph 71.

72.     Defendants deny the allegations and characterizations of Paragraph 72.

73.     Defendants deny that Plaintiff has suffered any damages or is entitled to any relief, and deny all remaining allegations and characterizations of Paragraph 73.

## THIRD CLAIM FOR RELIEF

### Violation of the Duty of Loyalty Under 15 Pa.C.S. § 8422(a) and § 8447(c)

### (*Against Defendant West*)

74.     Defendants incorporate by reference Paragraphs 1 through 73 as though fully repeated herein.

75.     The allegations of Paragraph 75 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants admit that the cited statute, 15 P.C.S.A. § 8422(a), speaks for itself. Defendants deny all remaining allegations and characterizations of Paragraph 75.

76.     Defendants deny the allegations and characterizations of Paragraph 76.

77.     Defendants deny the allegations and characterizations of Paragraph 77.

78.     Defendants deny the allegations and characterizations of Paragraph 78.

79.     The allegations of Paragraph 79 state legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants admit that the cited statute, 15 P.C.S.A. § 8447(c), speaks for itself. Defendants deny all remaining allegations and characterizations of Paragraph 79.

80.     Defendants deny the allegations and characterizations of Paragraph 80.

8

ACTIVE54439477

81.     Defendants deny the allegations and characterizations of Paragraph 81.

82.     Defendants deny the allegations and characterizations of Paragraph 82.

83.     Defendants deny that Plaintiff has suffered any damages or is entitled to any relief, and deny all remaining allegations and characterizations of Paragraph 83.

## FOURTH CLAIM FOR RELIEF

### Violation of the Obligation of Good Faith and Fair Dealing Under 15 Pa.C.S. § 8422, § 8447(d), and 15 Pa.C.S. § 8415(c)(11)

### (*Against Defendant West*)

84.     Defendants incorporate by reference Paragraphs 1 through 84 as though fully repeated herein.

85.     Defendants admit that the cited statute, 15 P.C.S.A. § 8447(d), speaks for itself.

86.     Defendants admit that the cited statute, 15 P.C.S.A. § 8415(c)(11), speaks for itself.

87.     Defendants deny the allegations and characterizations of Paragraph 87.

88.     Defendants deny the allegations and characterizations of Paragraph 88.

89.     Defendants deny the allegations and characterizations of Paragraph 89.

90.     Defendants deny the allegations and characterizations of Paragraph 90.

91.     Defendants deny that Plaintiff has suffered any damages or is entitled to any relief, and deny all remaining allegations and characterizations of Paragraph 91.

## FIFTH CLAIM FOR RELIEF

### Breach of Fiduciary Duties

### (*Against Defendant West*)

92.     Defendants incorporate by reference Paragraphs 1 through 91 as though fully repeated herein.

93.     Defendants deny the allegations and characterizations of Paragraph 93.

94.     Defendants deny the allegations and characterizations of Paragraph 94.

95.     Defendants deny the allegations and characterizations of Paragraph 95.

ACTIVE54439477

96. Defendants deny the allegations and characterizations of Paragraph 96.

97. Defendants deny the allegations and characterizations of Paragraph 97.

98. Defendants deny that Plaintiff has suffered any damages or is entitled to any relief, and deny all remaining allegations and characterizations of Paragraph 98.

## SIXTH CLAIM FOR RELIEF

### Unjust Enrichment

### (*Against All Defendants*)

99. Defendants incorporate by reference Paragraphs 1 through 98 as though fully repeated herein.

100. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis deny the allegations.

101. Defendants admit that the parties had various interactions and negotiations over a potential transaction, but otherwise deny the allegations and characterizations of Paragraph 101.

102. Defendants deny the allegations and characterizations of Paragraph 102.

103. Defendants deny that Plaintiff has suffered any damages or is entitled to any relief, and deny all remaining allegations and characterizations of Paragraph 103.

## SEVENTH CLAIM FOR RELIEF

### Quantum Meruit

### (*Against All Defendants*)

104. Defendants incorporate by reference Paragraphs 1 through 103 as though fully repeated herein.

105. Defendants deny the allegations and characterizations of Paragraph 105.

106. Defendants deny the allegations and characterizations of Paragraph 106.

107. Defendants deny that Plaintiff has suffered any damages or is entitled to any relief, and deny all remaining allegations and characterizations of Paragraph 107.

ACTIVE54439477

## PLAINTIFF'S PRAYER FOR RELIEF

The allegations of Paragraphs (1) – (5) of Plaintiff's Prayer for Relief constitute legal conclusions and argument to which no answer is required. To the extent an answer is required, Defendants deny that Plaintiff is entitled to any relief and denies all remaining allegations of Paragraphs (1) – (5).

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, Defendants further respond to Plaintiff's Complaint by asserting the following affirmative defenses. Defendants do not yet have knowledge of all facts and evidence surrounding this matter and, as a result, reserve their right to amend their Answer to raise additional affirmative defenses as they are discovered.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint, and each and every claim and cause of action alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

The claims of Plaintiff are barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

The claims of Plaintiff are barred, in whole or in part, by its own conduct, actions, and/or inactions, which amount to and constitute estoppel of all claims and relief sought.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

The claims of Plaintiff are barred, in whole or in part, by the doctrine of laches.

11

ACTIVE54439477

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims of Plaintiff are barred, in whole or in part, by the doctrine of unclean hands in that the actions of Plaintiff are the cause of its Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

The claims of Plaintiff are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Injury)

Plaintiff has not sustained any losses, damages, or detriment of any sum or amount whatsoever as a result of any act or acts, fault, carelessness, recklessness, or other alleged breach of duty on the part of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

The claims of Plaintiff are barred, in whole or in part, because Defendants were justified in doing any and/or all of the acts alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Conditions Precedent)

As to the first cause of action for breach of the NDA, Defendants allege that Plaintiff failed to perform certain conditions precedent to the alleged duty, duties, and/or conditions precedent of Defendants. These conditions precedent were imposed upon Plaintiff by the NDA alleged in Plaintiff's Complaint. The non-performance of said conditions affected Defendants' alleged obligations and duties under the NDA. Therefore, Plaintiff is precluded from enforcing against Defendants the alleged contractual duties referred to in Plaintiff's Complaint.

If any such agreement existed, Plaintiff's rights under the agreement have terminated through Plaintiff's neglect to exercise them within some time limit.

12

ACTIVE54439477

## TENTH AFFIRMATIVE DEFENSE
## (Abandonment and/or Repudiation)

As to the third, fourth, and fifth causes of action, which are premised on an alleged oral partnership agreement between the parties, and which Defendants deny, the claims of Plaintiff are barred, in whole or in part, because Plaintiff abandoned or repudiated the alleged agreement at issue and therefore released Defendants from all duties under the alleged agreement.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Adequate Remedy Exists at Law)

The claims of Plaintiff are barred, in whole or in part, because Plaintiff has a complete and adequate remedy at law for any injuries it may have suffered, and therefore is not entitled to seek equitable relief.

## TWELFTH AFFIRMATIVE DEFENSE
## (Unjust Enrichment)

The claims of Plaintiff are barred, in whole or in part, because Plaintiff would be unjustly enriched if it was allowed to recover any part of the damages alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (No Malice)

Plaintiff's request for punitive, exemplary, or other enhanced damages are barred because Defendants did not at any time act with oppression, fraud, or malice towards Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (Good Faith)

At all relevant times, Defendants acted in good faith and Plaintiff had or should have had knowledge of all the true facts and circumstances, including without limitation because the alleged Term Sheet made clear that any partnership transaction or

13

ACTIVE54439477

reimbursement of costs required "definitive agreements," and the parties never executed any definitive agreements.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

Without admitting that any damages were suffered by Plaintiff, if any damages were suffered by Plaintiff, as alleged in the Complaint, Plaintiff's claimed damages are speculative and improper.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

1.      That Plaintiff's claims be dismissed with prejudice and that Plaintiff takes nothing by reason of its Complaint;

2.      That judgment be entered thereon in favor of Defendants and against Plaintiff;

3.      That the Court award Defendants their costs incurred in defense of this action, including reasonable attorney's fees; and

4.      That the Court grant such other and further relief as it may deem proper.

**JURY TRIAL DEMAND**

Defendants hereby demand a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(a).


Dated:  December 28, 2020                    GREENBERG TRAURIG, LLP


                                             By: */s/ Nina D. Boyajian*
                                                 Nina D. Boyajian
                                                 Attorneys for Defendants
                                                 KANYE OMARI WEST and
                                                 YEEZY APPAREL LLC

14

ACTIVE54439477