GREENBERG TRAURIG, LLP
Nina D. Boyajian (SBN 246415)
BoyajianN@gtlaw.com
Layal Bishara (SBN 329154)
BisharaL@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700
Fax: 310-586-7800

Attorneys for Defendants
Kanye Omari West and Yeezy Apparel LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MYCHANNEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>KANYE OMARI WEST, Individually, and YEEZY APPAREL LLC, a California limited liability company,<br><br>Defendants. | Case No.: 2:20-cv-07732-JFW-JC<br><br>**DEFENDANTS KANYE OMARI WEST AND YEEZY APPAREL LLC'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO SHORTEN TIME ON PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL THE IN-PERSON DEPOSITION OF KANYE WEST**<br><br>[Filed concurrently with Declaration of Nina D. Boyajian]<br><br>Judge:         Hon. John F. Walter<br>Action Filed:  August 25, 2020 |

ACTIVE 58086263v2

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's *ex parte* application (the "Application") is not only procedurally improper and in direct violation of the Local Rules, it is rife with misrepresentations and is nothing short of a blatant and transparent attempt to gain leverage in a case that Plaintiff knows has no merit.

At best, the Application and underling motion to compel ("Motion") reflect highly bad faith conduct that is nothing short of sanctionable itself. As a preliminary matter, there is no "emergency" to warrant the filing of an *ex parte* application to shorten time on the hearing on Plaintiff's Motion (which Defendants will fully respond to shortly). As the Court noted in its May 28, 2021 Order (Dkt. 55), the discovery cut-off in this matter is not until September 6, 2021; it is June 9, 2021, and the fact that Plaintiff cannot obtain a hearing date on its Motion until July 13, 2021 only underscores that it still has several months to take any deposition that it needs after such hearing date. Further, Plaintiff's repeated statement that it has been trying to set Mr. West's deposition for "8 months" is demonstrably false: Plaintiff sent its first deposition notice in December 2020, and after that, counsel conferred and attempted to set a date for April 2021. (*See* Declaration of Nina D. Boyajian ("Boyajian Decl.") ¶ 2.) However, in April 2021, all counsel agreed to stay the action pending mediation. (*See id.*) Immediately following the unsuccessful mediation, Plaintiff's counsel unilaterally noticed Mr. West's deposition for June 3, 2021, and counsel for Mr. West agreed to that date. (*See id.* ¶ 3.)

Not only has Plaintiff not met the required standards or notice procedures for an *ex parte* application, it has engaged in additional bad faith conduct. The pertinent facts are outlined below:

- At the beginning of the deposition of Kanye West on June 3, 2021, counsel for Mr. West designated the deposition as confidential under the Protective Order in this action (Dkt. 52) until he "indicat[ed] otherwise." He never indicated otherwise. (*See id.* ¶ 4.)

ACTIVE 58086263v2

- After the deposition was cut short, counsel for Mr. West, Ekwan Rhow, conferred with Plaintiff's counsel, agreed that the virtual deposition was not productive, and committed to producing Mr. West for an in-person deposition at the end of June. Counsel for Plaintiff agreed that this was acceptable, and that they would continue to communicate with counsel for Mr. West regarding exact dates. (*See id.* ¶ 5.)

- On June 6, 2021, Plaintiff's counsel, Michael Popok, emailed Mr. Rhow asking if there was any update on a date for Mr. West's deposition. Mr. Rhow promptly responded stating "Trying to nail down a date asap. Kanye is out of town this weekend but will try to confirm. Shooting for June 23," to which counsel for Plaintiff responded "Ok." (*See id.*, Ex. A.) Notably, Mr. Popok elected not to copy Nina Boyajian on his email to Mr. Rhow, even though she remains lead counsel on this case.[1]

- Just three days later, without any further communication or follow-up directed at any of Mr. West's lawyers, Plaintiff filed the subject Application and Motion to Compel, without giving any notice of the Application or Motion to counsel for Mr. West, in direct violation of Local Rule 7-19.1.[2] (*See id.* ¶ 6.)

- Finally, and most egregiously, despite the fact that Mr. West's deposition was designated as confidential under the Protective Order entered by this Court, ***counsel for Plaintiff publicly filed the Application, Motion, and video of the deposition.*** They did not follow the procedures clearly set forth in sections 6.2 and 6.3 of the Protective Order for challenging confidentiality designations.

---

[1] For the same reason, Plaintiff's insinuation that Ms. Boyajian was disingenuous in stating her positions in favor of a virtual deposition rings hollow. Just because Ms. Boyajian was not actively *defending* the deposition, certainly does not mean that she would not be *attending* the deposition, and the same is true of her associate. That would be akin to defense arguing that Mr. Meiselas need not have attended the deposition because Mr. Popok was taking the deposition. For the avoidance of any doubt, Ms. Boyajian remains lead counsel on this case.

[2] Plaintiff's counsel also failed to meet and confer with counsel for Mr. West regarding the filing of their Motion to Compel as required by Local Rule 7-3 and Federal Rule of Civil Procedure 37(a)(1). Defendants will address this issue in more detail in their response to Plaintiff's Motion, but Plaintiff's Motion should be stricken on this basis alone.

- Immediately upon receiving notice of this violation, counsel for Mr. West emailed counsel for Plaintiff requesting that they remove the publicly filed documents from the docket, and re-file the documents under seal. Plaintiff's counsel refused. (*See id.* ¶ 8, Ex. B.)

Of course, it is obvious why Plaintiff's counsel did not meet and confer with counsel for Mr. West or give notice of the Application: they knew that Mr. West's counsel would confirm a new deposition date in the couple days following the June 6, 2021 exchange of emails between counsel (which Mr. Rhow did), and that as soon as counsel did so, Plaintiff would not have any premise (even a fabricated one, as here), to put the deposition video before the Court and in the public record, which is Plaintiff's only perceived strength in the action.

More importantly, there is absolutely no emergency for the hearing on Plaintiff's Motion, as the discovery cut-off is not until September 6, 2021, and further, counsel for Mr. West has already confirmed and informed Plaintiff's counsel that Mr. West is available to be deposed in-person in West Los Angeles (per Plaintiff's request) on June 28, 2021. (*See id.*) There is no dispute, and there is no emergency. Indeed, the only emergency at issue here is Plaintiff's blatant violation of the Protective Order entered by this Court. Plaintiff's bad faith conduct demonstrates that its case has no merit, and that this Application and the Motion to Compel were filed as an improper means to deposit the deposition of Mr. West before the Court and public in an attempt to cause prejudice against Mr. West.

For the reasons stated herein, Plaintiff's Application is without merit, and should accordingly be denied.

Dated: June 9, 2021                    GREENBERG TRAURIG, LLP

By: */s/ Nina D. Boyajian*
     Nina D. Boyajian
     Attorneys for Defendants Kanye Omari West and Yeezy Apparel LLC

ACTIVE 58086263v2