GREENBERG TRAURIG, LLP
Nina D. Boyajian (SBN 246415)
BoyajianN@gtlaw.com
Layal Bishara (SBN 329154)
BisharaL@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700
Fax: 310-586-7800

Attorneys for Defendants
Kanye Omari West and Yeezy Apparel LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MYCHANNEL, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>KANYE OMARI WEST, Individually, and YEEZY APPAREL LLC, a California limited liability company,<br><br>        Defendants. | Case No.: 2:20-cv-07732-JFW-JC<br><br>**DEFENDANTS KANYE OMARI WEST AND YEEZY APPAREL LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS IN THE AMOUNT OF $62,725 AND REQUEST FOR SANCTIONS**<br><br>[Filed concurrently with Declaration of Nina D. Boyajian]<br><br>Judge:        Hon. John F. Walter<br>Action Filed:  August 25, 2020 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff willfully and flagrantly violated this Court's order and the Local Rules of this Court in an attempt to gain some perceived advantage in the case, and with those unclean hands, now comes to this same Court seeking equitable relief in the form of sanctions against Defendants. The only party that intentionally violated rules that give rise to an award of sanctions is the Plaintiff. Accordingly, Defendants respectfully request that the Court deny Plaintiff's motion for sanctions, and instead grant Defendants sanctions pursuant to Local Rule 37-4 and the Protective Order in this action.

### II.      RELEVANT FACTUAL BACKGROUND

While the Court is well-aware of the proceedings that underly Plaintiff's Motion, the following facts bear noting:

- At the beginning of the deposition of Kanye West on June 3, 2021, counsel for Mr. West designated the deposition as confidential under the Protective Order in this action (Dkt. 52) until he "indicat[ed] otherwise." He never indicated otherwise. (*See* Declaration of Nina D. Boyajian ("Boyajian Decl.") ¶ 2.)

- After the deposition was cut short, counsel for Mr. West, Ekwan Rhow, conferred with Plaintiff's counsel, agreed that the virtual deposition was not productive,[1] and committed to producing Mr. West for an in-person deposition at the end of June. He also agreed to reimburse Plaintiff for the court reporter and videographer fees incurred by Plaintiff's counsel that day. Counsel for Plaintiff agreed that this was acceptable, and that they would continue to communicate with counsel for Mr. West regarding exact dates. (*See id.* ¶ 3.)

- On Sunday, June 6, 2021, Plaintiff's counsel, Michael Popok, emailed Mr. Rhow asking if there was any update on a date for Mr. West's deposition. Mr. Rhow

---

[1]      Counsel for Mr. West concedes that the deposition was atypical, which is why it offered to reimburse Plaintiff for costs incurred on June 3. Defendants further agree that the time spent on the record at the June 3 deposition will not count against the 7-hour limit for Mr. West's future deposition.

1

promptly responded stating "Trying to nail down a date asap. Kanye is out of town this weekend but will try to confirm. Shooting for June 23," to which counsel for Plaintiff responded "Ok." (*See id.*, Ex. A.) Notably, Mr. Popok elected not to copy Nina Boyajian on his email to Mr. Rhow, even though she remains lead counsel on this case.

- Just three days later, without any further communication or follow-up directed at any of Mr. West's lawyers, Plaintiff filed its highly improper *ex parte* Application (the "Application"), which this Court denied (Dkt. 69), and the subject Motion, without giving any notice of the Application or Motion to counsel for Mr. West, in direct violation of Local Rules 7-19 and 37-1. (*See id.* ¶ 5)

- Finally, and most egregiously, despite the fact that Mr. West's deposition was designated as confidential under the Protective Order entered by this Court, ***counsel for Plaintiff publicly filed the Application, Motion, and video of the deposition.*** They intentionally did not follow the procedures clearly set forth in sections 6.2 and 6.3 of the Protective Order for challenging confidentiality designations – or gave any notice that they disagreed with the confidentiality designations – so that they could place the controversial material in the public record.

- Immediately upon receiving notice of this violation, counsel for Mr. West emailed counsel for Plaintiff requesting that they remove the publicly filed documents from the docket, and re-file the documents under seal. Plaintiff's counsel refused. (*See id.* ¶ 6, Ex. B.)

- That evening, on a telephonic hearing before this Court, the Court held that Plaintiff's unilateral determination that Defendants' confidentiality designation could be ignored was improper and in violation of the parties' Protective Order, and ordered Plaintiff's Application, Motion, and supporting documents to be sealed until the proper procedures in the Protective Order were followed. The Court further held that there were procedural deficiencies with the Application and Motion, in that Plaintiff's counsel failed to meet and confer with Mr. West's counsel regarding both filings, in violation of the Local Rules. Additionally, the Court held that as Mr. West's counsel had agreed to

produce him for deposition later in June, Plaintiff's Application and Motion (with respect to the compelling of Mr. West's further deposition) were rendered moot (holding that the "only part left to be determined of the Motion is the sanctions part of it" and that at the July 13, 2021 hearing, the Court would be "just dealing with the monetary sanctions portion of [the Motion]" (6/9/21 Hearing at 36:02)). Thus, the Court held that the only remaining issue for determination was Plaintiff's request for sanctions.[2]

### III.  ARGUMENT

### A.  Plaintiff's Request For Sanctions Is Overreaching, Unwarranted, and Should Be Denied

To say Plaintiff's request for sanctions is overreaching would be a gross understatement. Plaintiff requests sanctions for fees incurred for its deposition preparation time, fees for the post-deposition meet and confer time, fees for preparing and filing the improper Application and Motion, fees for preparing and filing Plaintiff's previous *ex parte* Application requesting an in-person deposition (which was denied), costs of the June 3, 2021 deposition, and fees and costs for the *future* deposition of Mr. West.

#### 1.  Plaintiff's Request For Costs Of The June 3, 2021 Deposition Is Moot, As Defendants Have Already Offered To Pay For Those Costs

At the outset and as mentioned above, Defendants have already agreed to pay for Plaintiff's hard costs incurred on June 3, 2021, for Mr. West's deposition that was cut short. (*See* Boyajian Decl. ¶ 3.) These costs include the court reporter and videographer fees. Plaintiff did not acknowledge this offer from Defendants in its Motion, further underscoring the impropriety of the Motion and Plaintiff's clear attempt to prejudice the public and the Court against Defendants.

#### 2.  The Additional Sanctions Sought By Plaintiff Are Overreaching And Unwarranted

As discussed above, Plaintiff seeks reimbursement for the legal fees of all of its

---

[2]     Based on this holding, and to avoid further wasting the Court's time and judicial resources, this Opposition only addresses Plaintiff's request for sanctions.

*ACTIVE 58194484*

counsel's time in preparing for and attending the June 3rd deposition, meeting and conferring with counsel for Defendants after the deposition (not regarding this Motion or the Application), fees for preparing the moving papers for Plaintiff's Application and Motion, fees for preparing and filing Plaintiff's previous *ex parte* Application requesting an in-person deposition, and fees for the future deposition of Mr. West, allegedly totaling $62,725. Plaintiff has not demonstrated that it is entitled to sanctions in any of these categories.

First, Plaintiff's counsel's time spent in preparing for the deposition of Mr. West should not be awarded as a sanction because Plaintiff's counsel would have had to spend that time regardless of what happened at the deposition, and will presumably be able to avoid this same preparation time before Mr. West's future deposition scheduled this month. This Court should not allow fees spent in preparing for a deposition – fees that would have been spent regardless of what transpired at the deposition.

Similarly, Plaintiff should not be allowed to receive its fees for the brief meet and confer discussion it participated in on the day of the June 3rd deposition or the few short emails subsequently exchanged; such an award would be to reward Plaintiff's counsel for once doing what they are obligated to do regularly under the Rules (communicating with counsel) – behavior that notably did not continue over the coming days.

Second, Plaintiff's counsel's requests for all fees incurred in filing this Motion and Application is inexplicable. Had Plaintiff's counsel picked up the phone or sent an email ***at any time*** after the June 6th email from Mr. Rhow, they would have learned that Mr. West was prepared to reconvene to continue the deposition later in June. In short, Plaintiff's counsel could have completed, and will in fact complete, Mr. West's deposition before the hearing on this Motion without any need to bother this Court with unnecessary motion practice. Instead of attempting to meet and confer in good faith, despite repeated guarantees on and off the record from Defendants' counsel that they would re-produce Mr. West for his deposition in the coming weeks, Plaintiff's counsel reverted to its modus operandi by bringing improper motions that waste the time and resources of both the

4

parties to this action as well as this Court. Counsel for Plaintiff should not be rewarded for preparing improper and unnecessary motions that not only could have been, and were, easily mooted well before any hearing on these motions would be had, but were in blatant violation of the Local Rules and the Protective Order the Court entered in this action. Plaintiff's counsel has chosen this route on its own, despite efforts by counsel for Defendants to meet and confer with Plaintiff's counsel in good faith. Plaintiff, and Plaintiff alone, should bear the burden of its attorneys' fees incurred in so doing.

Third, Plaintiff's request for an award of fees incurred in filing its *ex parte* Application (which was denied) to compel Defendants' in-person depositions is wholly without merit. Defendants cannot be held responsible for Plaintiff filing an *ex parte* Application on its own volition; Plaintiff must take responsibility for its own actions and strategic decisions. Plaintiff's insinuation that because Mr. Rhow was primarily defending Mr. West's deposition, Ms. Boyajian was disingenuous in stating her positions in favor of a virtual deposition rings hollow, as Ms. Boyajian remains lead trial counsel in this action, a fact which has been conveyed to Plaintiff's counsel numerous times. Just because Ms. Boyajian was not actively *defending* the June 3rd deposition, certainly does not mean that she would not have been *attending* the requested in-person deposition, and the same is true of her associate. That would be akin to the defense arguing that Mr. Meiselas need not have attended the deposition because Mr. Popok was taking the deposition. That Mr. West's upcoming deposition will be conducted in-person does not affect Defendants' position set forth in its opposition to Plaintiff's *ex parte* Application; that position still holds firm.

Lastly, Plaintiff's demand that Defendants incur Plaintiff's costs and fees of the upcoming deposition of Mr. West is baseless. There is no reason Defendants should pay for Plaintiff's prosecution of its own action, fees that it surely would have incurred in any litigation with any party witness, and Defendants have already agreed to reimburse Plaintiff for costs incurred at the June 3rd deposition.

To recover $62,725 in sanctions – through an *ex parte* Application and Motion to

5

Compel (both of which were filed without complying with the Local Rules), and through which Plaintiff intentionally filed confidential materials in the public record, would amount to this Court providing a windfall to Plaintiff, and would further reward Plaintiff's own misconduct and failure to abide by Court orders and rules.

**B.    Sanctions Are Warranted Against Plaintiff For Violating The Protective Order And The Local Rules**

Local Rule 37-4, relating to discovery motions such as Plaintiff's Motion, provides that "[t]he failure of any counsel to comply with or cooperate in the foregoing [meet and confer] procedures may result in the imposition of sanctions." Plaintiff's counsel indisputably failed to meet and confer with counsel for Mr. West regarding the filing of their Motion to Compel as required by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1). Local Rule 37-1 provides in pertinent part as follows:

> Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located in the same county, the conference must take place in person…counsel for the opposing party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference. The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

Plaintiff's counsel did not send a letter seeking a conference on this issue (and certainly not an in-person conference, as required),[3] and certainly did not allow defense counsel the ten-day window to respond to the request for a conference (which request was

---

[3]    Despite Defendants' vocal objection to Plaintiff's violation of L.R. 37-1 protocols in filing this Motion, Plaintiff has again attempted to eschew the Court's rules by resisting holding a conference with defense counsel on its forthcoming motion to unseal the documents that this Court placed under seal, and unilaterally purporting to cut short the statutory time periods set forth in Local Rule 37-2. However, at defense counsel's insistence, the parties met and conferred in-person, as required by the rules. (*See* Boyajian Decl., Ex. C). The conference was productive: the parties reached an agreement regarding the scope of the confidentiality designations and will be filing a stipulation with the Court memorializing that agreement. (*See id.*, ¶ 7.)

never made) before filing its Motion (which should have, in any event, been in the form of a L.R. 37-2.2 Joint Stipulation). In fact, *Plaintiff's counsel did not once mention their plan to file the Motion, or any other motion or request, to Defendants' counsel prior to the filing; indeed, at no time during the meet and confer after the June 3 deposition, and at no time thereafter, did Plaintiff's counsel indicate such a filing.* Defendants were completely blindsided (as was Plaintiff's intent). It is therefore indisputable that Plaintiff did not comply with Local Rule 37 and is thus exposed to sanctions under Local Rule 37-4.

Additionally, Plaintiff is subject to a separate basis for sanctions for violation of the Protective Order in this action. The Protective Order clearly provides that "[a]ny violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions." (Dkt. 52, ¶ 14.) Plaintiff unquestionably violated the Protective Order; indeed, this Court has already found that Plaintiff violated the Protective Order, holding that "the [confidentiality] designation was made under the terms of the Protective Order that obligated [Plaintiff] not to file things in the public record absent a court ruling that it was appropriate to do so but the [Plaintiff] went ahead and did it anyway…to me, that's a violation of the Protective Order." (6/9/21 Hearing at 3:14.) Thus, Plaintiff should be sanctioned for the same.

It is clear that Plaintiff intentionally and willfully violated the Local Rules and Protective Order in order to place Mr. West's deposition in the public record and before this Court. Plaintiff's counsel cannot feign ignorance as to these rules and procedures for at least the following reasons: (1) counsel for Plaintiff, Mr. Meiselas, properly followed the meet and confer rules regarding *ex parte* applications as to Plaintiff's previous *ex parte* Application regarding in-person depositions filed on May 28, 2021, by providing notice to defense counsel of Plaintiff's intent to file the motion and attempting to resolve the issue before filing; (2) when the parties were discussing the same previous *ex parte* Application, counsel for Defendants specifically referenced the timing of the meet and confer obligations under the Local Rules, noting that Plaintiff's counsel would not have sufficient time to file a regularly-noticed motion to compel before the scheduled

*ACTIVE 58194484*

deposition; (3) Mr. Meiselas has been practicing in the Central District for 10 years; (4) while Mr. Popok is based in New York, given his three decades of legal practice, one would assume he can read and understand a Court's local rules, and further, when applying to be admitted to this District *pro hac vice*, he signed under penalty of perjury that he was "familiar with the Court's Local Civil [] Rules"; and (5) Mr. Popok and Mr. Meiselas presumably thoroughly read the procedures under the Protective Order given that they stipulated to its entry on Plaintiff's behalf.

Of course, it is obvious why Plaintiff's counsel did not meet and confer with counsel for Mr. West, follow the proper procedures for objecting to a confidentiality designation, or give notice of the Application: they knew that Mr. West's counsel would confirm a new deposition date in the couple days following the June 6, 2021 exchange of emails between counsel (which Mr. Rhow did), and that as soon as counsel did so, Plaintiff would not have any premise (even a fabricated one, as in the Motion and Application), to put the deposition video before the Court and in the public record, which is Plaintiff's only perceived strength in the action.

The numerous procedural and substantive defects with Plaintiff's Motion set forth above make clear that the Motion was filed for no purpose other than to burden, harass, and embarrass Defendants and their counsel.[4] Indeed, the primary sanctionable conduct at issue here is Plaintiff's blatant violation of the Protective Order and the Local Rules. Plaintiff's bad faith conduct underscores that its case has no merit, and that the Application and the Motion were filed as an improper means to deposit the deposition of Mr. West before the Court and public in an attempt to cause prejudice against Mr. West. Accordingly, pursuant to Local Rule 37-4 and the Protective Order, Defendants request sanctions in the amount of $14,882 as reimbursement to Defendants for the fees and costs incurred as a result of Plaintiff's misconduct. (*See* Boyajian Decl., ¶ 8.)

---

[4]   Plaintiff's unnoticed Application, which this Court denied, further forced Defendants to respond on an emergency basis and incur fees for Plaintiff's knowing violation of the Local Rules and the Protective Order.

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff's Motion is without merit, and should accordingly be denied. Additionally, Defendants respectfully request that in light of the violations set forth above, Plaintiff and its counsel be ordered to reimburse Defendants for the $14,882 in attorney fees and costs incurred in preparing this opposition and the opposition to Plaintiff's Application, as set forth in the Declaration of Nina D. Boyajian.

Dated:  June 22, 2021                          GREENBERG TRAURIG, LLP

By:  */s/ Nina D. Boyajian*
       Nina D. Boyajian
       Attorneys for Defendants Kanye Omari West and
       Yeezy Apparel LLC

9